**Gary Lee TOWNSEND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45247.**

Court of Criminal Appeals of Texas.

Oct. 18, 1972.

Rehearing Denied Dec. 6, 1972.

Malcom Dade, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is murder; the punishment, life.

The record reflects that Willie Oscar Bluain was murdered at McNeal's Cafe during the early morning hours of New Year's Day, 1969. Willie Campbell, owner of the Blue Room Cafe which is approximately 1½ to 2 miles from McNeal's, testified that on New Year's Eve, 1968, the appellant checked a small calibre pistol with him when he entered his cafe. At midnight he, appellant and another "shot the New Year in" with appellant's pistol. He stated that the pistol was in appellant's custody when he left the Blue Room at approximately 2:00 a.m. Campbell further testified that on January 7th, 8th or 9th, appellant again left the pistol in his custody, this time as security for a loan, and that he gave that pistol to investigating Officer Blessing sometime later.

The appellant offered no evidence in his own behalf.

Appellant's two contentions grow out of Campbell's testimony concerning State's Exhibit #9, the pistol. He claims the State did not show that the gun Campbell gave Blessing was the one the appellant left with him.

On direct examination Campbell identified the pistol as the same one he loaded and fired, together with appellant, on New Year's Eve, and as the same one left with him as a pledge by appellant a few days later, and as the same gun he delivered to Blessing. On cross-examination he seemingly faltered in his identification of

the weapon. On redirect examination the State's attorney attempted to clarify the situation:

"Q [Prosecutor] Now, Willie, let me ask you for clarification purposes to tell the jury whether or not if this was the same gun that you gave Detective Blessing if there is any question in your mind as to whether or not it is the same gun that [appellant] had that you all shot the New Year in with and in fact one and the same that he gave you on the 7th or 8th or 9th of January. Do you understand my question?

A [Campbell] I understand. If that is the same gun I gave Detective Blessing, that would be the same one that we shot.

Q The only thing is, you haven't seen this gun since the middle of January of last year, is that correct?

A That's right.

Q If it is one and the same gun you gave Detective Blessing, there's no question but what it is the same pistol that [appellant] gave you and had on the early morning hours of New Year's Day, 1969, is that correct?

A. That's right."

We have concluded that the State overcame every reasonable hypothesis other than the appellant's criminal connection with State's Exhibit #9 and that Campbell's conflicting testimony did not arise from his inability to identify the gun, but rather stemmed from the fact that he was not certain that the gun exhibited to him in court was the one he gave Blessing more than a year earlier.

Having so concluded, the judgment of the trial court is affirmed.